# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| JERRY THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-046 |
| | ) | |
| KENNETH D. PANGBURN, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JERRY THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-047 |
| | ) | |
| KENNETH D. PANGBURN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER AND REPORT AND RECOMMENDATION

The Court previously directed the parties to show cause why these two cases should not be consolidated. *See* CV423-46, doc. 7; CV423-047, doc. 9. Both parties timely filed responses to that Order. *See* CV423-46, docs. 12 & 13; CV423-047, docs. 10 & 11. In reviewing the parties' respective arguments concerning the merits of consolidation, the Court has discovered an issue in Thomas' filings that must be addressed, as

1

discussed below.  That issue notwithstanding, it is clear that Pangburn's Motion to Set Aside Default should be **GRANTED**, CV423-046, doc. 10, and Thomas' "Motion for Entry of Default," should be **DENIED**, CV423-046, doc. 5.  If the District Judge agrees with the recommendation that any default should be set aside, the undersigned recommends that CV423-047 should be consolidated into CV423-046.  Finally, the Court, *sua sponte*, **STAYS** all discovery-related deadlines in this case pending the District Judge's determination on consolidation. Pangburn's Motions to Stay are, therefore, **DISMISSED** as moot. CV423-046, doc. 9; CV423-047, doc. 7.

## I.    Thomas' Responses to Consolidation

*Pro se* plaintiff Jerry Thomas' response to the Court's Order concerning possible consolidation is, not surprisingly, the same in both cases.  *Compare* CV423-046, doc. 12, *with* CV423-047, doc. 10.[1]  As discussed below, the arguments made in those responses are straightforward, if ultimately not persuasive.  The citations to legal authority in the responses are, however, a problem.  The first indication

---

[1] For simplicity, the discussion below cites exclusively to the response filed in CV423-046.

that the citations are not entirely proper is Thomas' citation to non-existent "local rule 55.1." Doc. 12 at 2. Although that citation is inexplicable, it might be an inadvertent mistake. Thomas goes on to cite considerable case law. *See id.* at 2-3, 4-5. Defendant points out that his counsel was unable to locate the cases cited. *See* doc. 13 at 9-10, 10 n. 8. Ambiguous or mistaken citations, while not helpful, are not a sufficiently serious issue to merit substantial discussion. However, as discussed in detail below, Thomas' citations do not appear to be merely mistaken. Because they are formally indistinguishable from proper citations, but lack any discernable connection to actual authority, the Court is concerned that Thomas intended them to be deceptive.

Thomas first cites "Casanova v. United States, No. 1:18-cv-0276-AT, 2019 WL 2051772 (N.D. Ga. May 9, 2019)." Doc. 12 at 2. He asserts that "[i]n this case, the defendant failed to file a response to the plaintiff's complaint, and the court entered a default judgment against the defendant. The defendant later sought to set aside the default judgment and to stay its enforcement, but the court denied the request, finding that the defendant had not shown good cause for the delay." *Id.* at 2-3. Despite an apparently proper citation form and reasonable holding, the

citation is illusory.  A search of the docket of the United States District Court for the Northern District of Georgia[2] shows that Case Number 1:18-cv-0276, is *Braden Fellman Group LTD v. Jackson*.  It was not assigned to Judge "AT," presumably the Honorable Amy Totenberg.  *See, e.g., Johnson v. Terry*, 1:18-cv-01899-AT (N.D. Ga. 2018).  It was assigned to the Honorable Eleanor R. Ross.  *See* 1:18-cv-0276-ELR (N.D. Ga. 2018). Finally, the case was remanded to state court on February 14, 2018, *see Braden Fellman Grp. LTD*, 1:18-cv-0276-ELR, doc. 6 (N.D. Ga. Feb. 14, 2018), thus no order declining to set aside a default judgment *could have* entered on May 9, 2019.  The citation to Westlaw, "2019 WL 2051772," returns a Texas House Resolution, "congratulat[ing] Michael Andrew Day on attaining the rank of Eagle Scout and extend[ing] to him sincere best wishes for continued success and happiness."  *Id.*

Assuming that Thomas might have mistaken the technical information in the citation, the Court proceeded to search the Northern District's docket for a case filed by "Casanova" against the United States.

---

[2] The Court may take judicial notice of the docket of its sister court.  *See* Fed. R. Evid. 201.  To the extent that Thomas disputes the accuracy of any fact this Court has noticed from its review of other courts' dockets, his opportunity to respond to this Order provides him the required opportunity to be heard.  *See, e.g., Paez v. Sec'y, Fla. Dept. of Corrs.*, 947 F.3d 649, 653 (11th Cir. 2020).

The Court's search identified five parties named "Casanova," who had participated in cases in the Northern District; "Antonio Navarro Casanova," "Carlos Alberto Casanova," "Jose Casanova," "Paola Casanova," and "Susan Casanova."   Only one of those parties, Carlos Alberto Casanova, was involved in a case with the United States, as a criminal defendant indicted in 1987 and never convicted.  *See United States v. Casanova*, 1:87-cr-070-CAM, doc. 1 (N.D. Ga. Feb. 18, 1987) (Indictment), doc. 2 (N.D. Ga. Mar. 23, 2006) (dismissing case).  A search of all state court and federal court cases for the coincidence of "Casanova" and "default judgment" revealed no cases involving the United States as defendant.

Thomas' brief also includes a string citation.  *See* doc. 12 at 3.  *None* of the four citations is accurate.

Thomas first cites "Edwards v. O'Riordan, No. 1:18-cv-00553-AT, 2019 WL 1429833 (N.D. Ga. March 29, 2019)."  That case number is assigned to *Nissei ASB Co. v. R&D Tool & Engineering Co.* before the Honorable Timothy C. Batten, Sr.   1:18-cv-00553-TCB (N.D. Ga. 2018).  The case was transferred out of the Northern District on January 16, 2019.  1:18-cv-00553, doc. 31 (N.D. Ga. Jan. 16, 2019).  The Court was

unable to find *any* case in the Northern District involving a party named "O'Riordan." A nationwide search of Westlaw did not return a single case with the cited case style, and the Westlaw citation returned no results.

Next, Thomas cites "Williams v. Real Estate Mortgage Network, Inc., No. 1:17-cv-02368-ELR, 2018 WL 3855047 (N.D. Ga. Aug. 14, 2018)." Doc. 12 at 3. That case number is assigned to *Waterton Property Management LLC v. Mercedes* before the Honorable Mark H. Cohen. 1:17-cv-02368-MHC (N.D. Ga. 2017). It was remanded to state court on September 14, 2017. 1:17-cv-02368-MHC, doc. 6 (N.D. Ga. Sept. 14, 2017). The Westlaw citation "2018 WL 3855047" returns a Patent Trial and Appeal Board Decision on Appeal. *See Ex Parte Hans-Jurgen Mann, Wilhelm Ulrich, Erik Loopstra and Davis R. Shafer*, Appeal 2016-007420, 2018 WL 3855047 (Patent Tr. & App. Bd. 2018).

Third, Thomas cites "Touchstone v. Georgia Department of Corrections, 2:16-cv-00183-WCO, 2016 WL 3460748 (N.D. Ga. June 24, 2016)." Doc. 12 at 3. That case number is assigned to *Navarro v. PNC Bank, N.A.*, which, for a change, *is* assigned to the Honorable William C. O'Kelley. 2:16-cv-00183-WCO (N.D. Ga. 2016). Not to be outdone by the prior erroneous citations, however, the case *was not filed* until July 29,

2016, so no order could have entered on June 24, 2016. *See* 2:16-cv-00183, doc. 1 (N.D. Ga. July 29, 2016). There is no record of any action in the Northern District against the Georgia Department of Corrections by a party named "Touchstone." The Westlaw citation, like all the previous ones, returns no relevant results.

Finally, Thomas cites "Trosper v. DeKalb County, No. 1:13-cv-03626-WSD, 2015 WL 11920138 (N.D. Ga. Aug. 18, 2015)." Doc. 12 at 3. That case number is assigned to *Gish v. Bank of New York, Mellon* before the Honorable Timothy C. Batten, Sr. 1:13-cv-03626-TCB (N.D. Ga. 2013). Completing the consistent pattern, the case was dismissed on March 18, 2014, well before the date provided for Thomas' citation. *See* 1:13-cv-03626-TCB, doc. 8 (N.D. Ga. Mar. 18, 2014) (Clerk's Entry of Voluntary Dismissal). The Westlaw citation is to a Safety Report from the United States Food and Drug Administration's Adverse Event Reporting System. *See* Safety Report ID: 11395182, 2015 WL 11920138 (Aug. 19, 2015).

After brief argument, Thomas cites to several cases from other United States District Courts. *See* doc. 12 at 4-5. The Court attempted

to follow up the citations outside the Northern District of Georgia.   In vain, as it turns out.

The first case Thomas cites is "In re Tylenol (Acetaminophen) Mktg., Sales Practices and Prods. Liab. Litig., 906 F. Supp. 2d 976 (E.D. Pa. 2012)."   Doc. 12 at 4.   Thomas states that, in that case, "the court denied a motion to consolidate a defaulted case with a non-defaulted case, finding that the defaulting defendant had failed to show good cause for their failure to defend the case."   *Id.*

The citation to the reporter is inaccurate.   It cites to an internal page of *Haeger v. Goodyear Tire and Rubber Co.*, 906 F. Supp. 2d 938 (D. Ariz. 2012).   However, there is an *In re Tylenol (Acetaminophen) Marketing, Sales Practices and Products Liability Litigation* multidistrict litigation that was pending before the Eastern District of Pennsylvania.   *See* MDL No. 2436 (E.D. Pa. 2013).   The earliest order in that MDL available on Westlaw was the transfer to the Eastern District of Pennsylvania by the Panel on Multidistrict Litigation on April 1, 2013. *See* 936 F. Supp. 2d 1379 (J.P.M.L. 2013).   Although there were actions transferred by the Panel from the Eastern District of Pennsylvania, filed in 2012, none bear the *In re Tylenol* case style.   *See* 936 F. Supp. 2d at

1381 (listing cases transferred from the Eastern District of Pennsylvania).  After reviewing the docket in those cases, the Court was unable to identify any order denying consolidation based on a default. *See Pettersen v. McNeil-PPC, Inc.*, 2:12-cv-05988 (E.D. Pa. 2012); *Skursha v. McNeil-PPC, Inc.*, 2:12-cv-05989 (E.D. Pa. 2012); *Seaboch Blake v. McNeil-PPC, Inc.*, 2:12-cv-5990 (E.D. Pa. 2012); *Becker v. McNeil-PPC, Inc.*, 2:12-cv-5991 (E.D. Pa. 2012); *Davidson v. McNeil-PPC, Inc.*, 2:12-cv-5992 (E.D. Pa. 2012); *Fleischer v. McNeil-PPC, Inc.*, 2:12-cv-5993 (E.D. Pa. 2012); *Pewitt v.  McNeil-PPC, Inc.*, 2:12-cv-5994 (E.D. Pa. 2012); *Jimenez v. McNeil-PPC, Inc.*, 2:12-cv-5996 (E.D. Pa. 2012); *Speal v. McNeil-PPC, Inc.*, 2:12-cv-5997 (E.D. Pa. 2012); *Barney v. McNeil-PPC, Inc.*, 2:12-cv-7253 (E.D. Pa. 2012); *Osborne v. McNeil-PPC, Inc.*, 2:12-cv-7254 (E.D. Pa. 2012); *Barnes v. McNeil-PPC, Inc.*, 2:12-cv-7255 (E.D. Pa. 2012); *Sears v. McNeil-PPC, Inc.*, 2:12-cv-7256 (E.D. Pa. 2012); *Snyder v. McNeil-PPC, Inc.*, 2:12-cv-7257 (E.D. Pa. 2012); *Altimus v. McNeil-PPC, Inc.*, 2:12-cv-7258 (E.D. Pa. 2012); *Allen v. McNeil-PPC, Inc.*, 2:12-cv-7259 (E.D. Pa. 2012); *Why v. McNeil-PPC, Inc.*, 2:12-cv-7260 (E.D. Pa. 2012); *Guadagno v. McNeil-PPC, Inc.*, 2:12-cv-7261 (E.D. Pa. 2012); *Rutkowski v. McNeil-PPC, Inc.*, 2:12-cv-7262 (E.D. Pa. 2012); *Terry v.*

*McNeil-PPC, Inc.*, 2:12-cv-7263  (E.D. Pa. 2012); *Ursoi v. McNeil-PPC, Inc.*, 5:12-cv-5995 (E.D. Pa. 2012).

Thomas next cites "Lavelle v. Bank of America, N.A., 2020 WL 4360202 (D.N.J. July 30, 2020)." Doc. 12 at 5. The Westlaw cite is meaningless. A search of the District of New Jersey's docket for "Lavelle" returns 16 results; six attorneys, one entity, "Lavelle Industries, Inc.," and nine individual litigants. None of the individual litigants was involved in a case against Bank of America. A nationwide Westlaw search identified no case captioned "Lavelle v. Bank of America." The closest cases to the cited caption are *Bank of America v. Lavelle*, 59 Misc. 3d 1225(A) (N.Y. Sup. Ct. 2018), and *Lavelle v. BankAmerica Corp*, 78 Cal. Rptr. 2d 609 (Cal. Ct. App. 1998), *review granted* 971 P.2d 985 (Cal. 1999), *review dismissed* 995 P.2d 138 (Cal. 2000). Inexplicably, Thomas states that in the phantom case, "the court denied a motion to consolidate a defaulted cases with a non-defaulted case, finding that the defaulted defendant had failed to show good cause for their failure to defend the case and that consolidation would result in undue prejudice to the non-defaulted plaintiff." Doc. 12 at 5. Certainly, authority supporting such a proposition would be advantageous to Thomas' position. As discussed

above, however, the "case" cited does not exist.  The Court has been unable to locate *any* case supporting the cited proposition.

Finally, Thomas cites to three cases: "TCA Global Credit Master Fund, LP v. LLC, 2017 WL 2696588 (D.N.J. June 22, 2017); Lyman v. Town of Boxford, 2015 WL 11234050 (D. Mass. Aug. 14, 2015); [and] Kass v. Canola, 2014 WL 2920569 (D. Del. June 25, 2014)."  At this stage in the saga, it can surprise no one that searching for the Westlaw citations was futile.  "2017 WL 2696588" returned no results; "2015 WL 11234050," is *Mesner v. FCA US, LLC*, 2015 WL 11234050 (E.D. Ark. Dec. 29, 2015); and "2014 WL 2920569," is an administrative decision issued by the Federal Mine Safety and Health Review Commission, *Pride v. Highland Mining Co., L.L.C.*, 2014 WL 2920569 (F.M.S.H.R.C. June 23, 2014). None of them are even remotely related to issues of consolidation or default.  Searches for the various named parties on the dockets of the respective district courts were equally fruitless.[3]

---

[3] The District of New Jersey's docket includes one case involving "TCA Global Credit Fund GP, Ltd."  *SEC v. TCA Fund Mgmt. Grp. Corp.*, 1:20-mc-0087-RMB (D.N.J. 2020).  The District of Massachusetts' docket includes 18 case participants named "Lyman," including one attorney, five entities, and 12 individuals.  None of the cases involved the Town of Boxford.  According to the docket the Town of Boxford has been involved in only two cases in the District of Massachusetts. *See Omnipoint Holdings v. Town of Boxford*, 1:03-cv-10017-REK (D. Mass. 2003); *Varsity Wireless, LLC v. Boxford Zoning Bd. of Appeals*, 1:15-cv-11833-MLW (D. Mass. 2015).  Westlaw

Based on the investigation above, the charitable inference that Thomas was simply misciting to authority cannot be maintained. All of the cases cited in his response are completely devoid of any discernable relation to any case relevant to the issue. Moreover, Thomas' response to Pangburn's Motion to Dismiss in CV423-047 includes correct citations to authority. *See* CV423-047, doc. 8 (S.D. Ga. Apr. 5, 2023).[4] Since the Court cannot conclude that the citations were the result of excusable mistakes, and it is clear that Thomas is capable of citing to actual authority, the Court must consider whether Thomas' citations have a more nefarious purpose.

Federal Rule of Civil Procedure 11(b) imposes a duty on any party submitting material to the Court. It states: "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an . . . unrepresented party certifies

_____

reveals two other cases involving the Town of Boxford. *See Kaiter v. Town of Boxford*, 836 F.2d 704 (1st Cir. 1988); *Baybutt Construction Corp. v. Town of Boxford*, 2004 WL 5807001 (D. Mass. Sept. 17, 2004). The District of Delaware's docket includes 20 case participants named "Kass," including nine attorneys. There are no cases on the District of Delaware's docket involving a party named "Canola."

[4] The citations are "correct" in the purely formal sense that they lead to the purported cases. *Compare, e.g.,* doc. 8 at 2 ("Towers Tenant Ass'n v. Towers Ltd. P'ship, 563 F. Supp. 566, 569 (D.D.C. 1983)"), *with Towers Tenant Ass'n, Inc. v. Towers Ltd. P'ship*, 563 F. Supp. 566 (D.D.C. 1983). The Court's assessment does not imply that the cited cases are sufficient to support the arguments Thomas asserts. They merely show that, in at least some circumstances, Thomas is able to properly cite legal authority.

that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to . . . cause unnecessary delay, or needlessly increase the cost of litigation, . . . [and] the . . . legal contentions are warranted by existing law . . . ." Fed. R. Civ. P. 11(b)(1)-(2). The Court may impose sanctions, including monetary sanctions, against parties for violating the Rule. *See* Fed. R. Civ. P. 11(c)(4)-(5). Moreover, the Court may, on its own motion, order a party "to show cause why conduct specifically described in the order has not violated," the Rule. Fed. R. Civ. P. 11(c)(3).

The presentation to the Court of a brief supported by citations which do not lead to any valid authority but are designed to appear valid might imply either an "improper purpose" or a complete failure to conduct an "investigation reasonable under the circumstances." Fed. R. Civ. P. 11(b)(1)-(2). Thomas' *pro se* status does "not serve as an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988). The Court will, therefore, invoke its authority under Rule

11(c)(3).  Thomas is **DIRECTED** to respond to this Order no later than June 13, 2023 and **SHOW CAUSE** why he should not be sanctioned, pursuant to Federal Rule 11, for presenting the papers docketed at CV423-046, docs. 11 & 12, and CV423-047, doc. 10.

## II.    Default Motions

Thomas filed these cases against Pangburn on February 27, 2023. *See* CV423-046, doc. 1; CV423-047, doc. 1.  He filed a copy of a Sheriff's Entry of Service in each, reflecting service on March 8, 2023.  *See* CV423-046, doc. 4 at 1; CV423-046, doc. 5 at 1.  He filed a Motion for Entry of Default in CV423-046 that states, in its entirety: "Comes Now, the Plaintiff(s) Jerry Thomas, in Propria persona, request(s) that the clerk of court enter default against the Defendant(s) Kenneth D. Pangburn, pursuant to Federal Rule of Civil Procedure 55(b).  In support of this request, Plaintiff(s) relies (rely) upon the record in this case and the affidavit submitted herein."  CV423-046, doc. 5 at 1.  Thomas filed an affidavit in support of that Motion that asserts, in relevant part, "[t]he

14

summons and complaint were served upon the defendant(s) on February 27, 2023." CV423-046, doc. 6 at 1.

Pangburn filed a Motion nominally seeking to set aside the default, but also asserting that no default occurred because he was not properly served. *See* CV0423-047, doc. 10 at 1-2. Pangburn's argument that he was not properly served relies on the absence of any indication on the docket that the Clerk issued a summons. *See id.* at 1. Pangburn is correct that the Federal Rules require that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). The Middle District of Florida has declined to enter a default in virtually identical circumstances. *See CliC Goggles, Inc. v. Morrison*, 2016 WL 7665442, at *2 (M.D. Fla. June 2, 2016). The court noted "[t]he docket reveals no summons were issued," in concluding that no summons was served with the plaintiff's pleading. *Id.* at *2 n.1. Other courts outside of this Circuit have drawn similar conclusions. *See Falkner v. Water Grove Investors, LLC*, 2012 WL 259943, at *1 n. 6 (W.D. Tenn. Jan. 27, 2012) ("Because no summonses have issued in this case, Defendant has no obligation to respond to the Complaint."); *Warner v. Chase Bank, N.A.*, 2008 WL 5188825, at *2 (E.D. Mich. Dec. 4, 2008) (noting "no summons was

issued," in concluding that "the docket supports Defendant's contention that it was Plaintiff's deficient services that gave rise to the entry of default").

None of Thomas' filings disputing the alleged default contend that a summons was issued, despite the lack of evidence on the docket. *See generally* CV423-046, docs. 11 & 12. Thomas' affidavit in support of default does, however, assert that "[t]he *summons* and complaint" were served upon Pangburn. *See* CV423-046, doc. 6 at 1 (emphasis added). Given that testimony, the Court cannot certainly conclude from the record that Pangburn was not effectively served. The Court might undertake further investigation of Thomas' assertion that Pangburn was served with a summons.[5] Since, as discussed below, it is clear that, even assuming that Pangburn were effectively served, he has established sufficient cause to set aside any default, the Court need not definitively resolve the question.

---

[5] It is Thomas' burden to prove effective service in the first instance. *See, e.g., United States for the use and benefit of Krane Dev., Inc. v. Gilbaine Fed. Co.*, 2021 WL 3549899, at *3 (S.D. Ga. Aug. 11, 2021) (Hall, C.J.) ("Once the sufficiency of service is brought into question, the plaintiff has the burden to prove proper service of process and if plaintiff can establish service was proper, the burden shifts to the defendant to bring strong and convincing evidence of insufficient process." (internal quotations, citations, and alterations omitted))

Where a party has failed to timely answer a complaint, that party is in default, even if that fact is not officially noted on the docket. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014); Fed. R. Civ. P. 55(a) ("[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Since, as explained above, the Court does not definitively determine that service was insufficient, it assumes, without deciding, that Pangburn is in default. Pangburn's Motion expressly seeks to set aside any default under Rule 55(c). *See* CV423-046, doc. 10 at 7.

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). As this Court has previously explained:

> While there is no precise formula for assessing "good cause", courts commonly consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir.1996) (citations omitted). These factors are not talismanic, and other factors also may be relevant in making a good cause determination. *Id.* For example, an additional factor that may be relevant is whether the defaulting party acted promptly to correct the default. *Id.* (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). "Whatever factors are employed, the imperative is that they be regarded

simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.*

*Wortham v. Brown*, 2015 WL 2152826, at *1 (S.D. Ga. May 7, 2015). The Court has discretion in applying the factors. *See, e.g., Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984) ("Action on a motion to set aside a default is within the discretion of the district court . . . ."). In determining whether a litigant has demonstrated sufficient good cause under Rule 55(c), the Court is mindful of the Eleventh Circuit's "strong preference that cases be heard on the merits." *Perez*, 774 F.3d at 1342.

Pangburn has demonstrated good cause to set aside default. He first points out that to the extent that his responsive pleading was not timely, its delay was a result of his mistaken belief that he had been served with two copies of the same complaint. *See* CV423-046, doc. 10 at 9-10. Even assuming Pangburn's failure to examine the documents more closely were negligent, courts have recognized that a delayed response attributable "to simple negligence or mistake" supports setting a default aside.[6] *See Alonso v. Alonso*, 2023 WL 309588, at *3 (11th Cir. Jan. 19,

---

[6] The Eleventh Circuit has also favorably recognized a district court's determination that because "[t]he defendants . . . were not properly served with the Amended Complaint. . . their default was not culpable or willful." *George v. Snyder*, 847 F. App'x 544, 549 (11th Cir. 2021).

2023); *Munoz v. Hometown Bar-B-Q #2, LLC*, 2021 WL 3566320, at *2 (S.D Fla. Aug. 12, 2021) ("[A] brief delay resulting from, as examples, inadvertence or mistake, or confused litigation or case management strategy, will not vitiate good cause."). Pangburn also points out that he acted promptly to cure any default. *See* CV423-046, doc. 10 at 10. Thomas does not dispute either that Pangburn's failure to respond within what he contends was the applicable deadline was willful or that Pangburn's request to set aside the alleged default was not prompt. *See generally* CV423-046, docs. 11 & 12.

The only factor in the default analysis that Thomas even addresses, albeit indirectly, is prejudice. His allegations of prejudice, such as they are, are made in the context of his opposition to consolidation. *See* CV423-046, doc. 12 at 4. Even charitably construing those assertions as relevant to the default itself, they are insufficient. Thomas' assertions of prejudice are wholly conclusory, and even then, speculative. He states that the non-defaulting party "could" suffer prejudice because he "*may have* already spend time and resources building [his] case and preparing evidence." *Id.* at 4. Such vague and speculative assertions are not sufficient to preclude setting default aside. *See, e.g., Curry v. Penn Credit*

19

*Corp.*, 2015 WL 6674922, at *4 (W.D.N.Y. Nov. 2, 2015) ("Plaintiff's recitation of the legal standard accompanied by unsubstantiated speculation about potential prejudice is insufficient for purposes of Rule 55(c)." (citation omitted)); *Charowsky v. Kurtz*, 1999 WL 1038334, at *2 (E.D. Pa. Nov. 8, 1999) ("Other than claiming in a conclusory fashion that [defendant's] delay prejudiced him, . . . , [plaintiff] has made no allegations that setting aside the default would cause him to suffer any prejudice."). Thomas has, therefore, not plausibly asserted that he will suffer any prejudice if any default is set aside.

Finally, Pangburn asserts that he has a meritorious defense. *See* CV423-046, doc. 10 at 11-13. The requirement for a meritorious defense is "very lenient." *Jones v. PVHA / SIMS-Savannah Commons, LLC*, 2020 WL 7490380, at *4 (S.D. Ga. Dec. 18, 2020). Pangburn asserts multiple defenses to Thomas' claims. *See generally* CV423-046, doc. 8; *see also, e.g., Jones*, 2020 WL 7490380, at *4 (noting that courts consider responsive pleadings in evaluating whether a defendant has asserted a meritorious defense). Among those defenses is his assertion that "[b]ecause Plaintiff's allegations relate to Judge Pangburn's conduct as a Hinesville Municipal Court Judge, judicial immunity bars Plaintiff's

§ 1983 claims entirely." CV423-046, doc. 8 at 7.  Without considering the merits of that assertion, the Court is satisfied that it presents more than the "hint of a suggestion" of a meritorious defense needed to set aside default. *Krane Dev., Inc.*, 2021 WL 3549899, at *2 (internal quotation marks and citations omitted).

Since all of the applicable factors support setting aside Pangburn's default—even assuming that he were properly served—the Court should exercise its discretion and set aside any default.  Accordingly, Thomas' Motion for Entry of Default should be **DENIED**, CV423-046, doc. 5, and Pangburn's Motion to Set Aside the Default should be **GRANTED**, CV423-046, doc. 10.

## III.  Consolidation

As the Court previously explained, *see* CV423-046, doc. 7 at 3, Rule 42 provides that the Court may consolidate actions that "involve a common question of law or fact."  The Rule "is a codification of a trial court's inherent managerial power to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants. . . .  The district court is given broad discretion to decide whether consolidation would be desirable and the decision

inevitably is highly contextual." *Leftwich v. Georgia*, 2022 WL 4009899, at *1 (N.D. Ga. Jan. 26, 2022). The Court's prior Order noted "Thomas' theories of Pangburn's liability in these cases are identical." CV423-046, doc. 7 at 2. Pangburn argues that there is good cause for consolidation. *See* CV423-046, doc. 13. Thomas opposes. *See, e.g.,* CV423-046, doc. 12.

Thomas' response to the show-cause Order does not dispute that the actions are nearly identical. *See* CV423-046, doc. 12. Instead, it speculates that "[a]ttempting to combine the complaints *could* result in confusion and delays as the court tries to reconcile the [unidentified] differences." *Id.* at 4 (emphasis added). He states, without any explanation, that "the evidence and witnesses required to prove the allegations in each case are different." *Id.* He speculates about duplication of effort "to adapt to the procedural and evidentiary requirements of the other case [sic]." *Id.* Finally, he states a concern with "the parties losing control over the proceedings," and that "[t]he court may choose to prioritize one case over the other, or make decisions that are unfavorable to on[e] or both parties." *Id.* Those assertions, to the extent that they are comprehensible, are "[p]ure applesauce." *King v. Burwell*, 546 U.S. 473, 507 (2015); *see also, e.g., Georgia Aquarium,*

*Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1315 (N.D. Ga. 2015) (Totenberg,

J) (noting, in a parenthetical, " 'pure applesauce' is commonly interpreted

to mean nonsense").

Since it appears that these two actions present nearly identical

issues of law, the Court should exercise its discretion to consolidate them.

If the Court adopts that recommendation, Plaintiff should be directed to

submit a single amended complaint in CV423-046 asserting all of his

claims against Pangburn.  Upon his compliance with that direction, the

Court may close CV423-047.  Submission of the amended complaint will

also render the pending motions to dismiss the original complaint moot.

*See, e.g., Auto-Owners Ins. Co. v. Tabby Place Homeowners Assoc., Inc.*,

___ F. Supp. 3d ___, 2022 WL 4542114, at \*2 n. 4 (S.D. Ga. Sept. 28, 2022).

Upon Thomas' submission of the amended complaint, the Federal Rules

provide for Pangburn's response.  *See* Fed. R. Civ. P. 15(a)(3).

## IV.  Stay

Pangburn has moved to stay both of these cases.  *See* CV423-046,

doc. 9; CV423-047, doc. 7.  Both of those motions seek a stay pending

disposition of the currently-pending motions to dismiss.  *See id.*  Given

the recommendations and directions above, the Court is not convinced

that a stay pending those motions is appropriate. However, a stay is nevertheless appropriate pending resolution of Thomas' potential violation of Rule 11 and the recommendations above. *See, e.g., Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (the power of a trial court to stay an action is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Accordingly, the Court **STAYS** all discovery deadlines in this case, pending the District Judge's ruling on the recommendation that they be consolidated. Pangburn's Motions to Stay are, therefore, **DISMISSED** as moot. CV423-046, doc. 9; CV423-047, doc. 7.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

24

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 30th day of May, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA