IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JERRY THOMAS,<br><br>　　Plaintiff,<br><br>v.<br><br>KENNETH D. PANGBURN,<br>Individually and in His<br>Official Capacity as Justice of<br>the Municipal Court of<br>Hinesville,<br><br>　　Defendant. | CASE NO. CV423-046 |
| JERRY THOMAS,<br><br>　　Plaintiff,<br><br>v.<br><br>KENNETH D. PANGBURN,<br>Individually and in His<br>Official Capacity as Justice of<br>the Municipal Court of<br>Hinesville,<br><br>　　Defendant. | CASE NO. CV423-047 |

## O R D E R

Before the Court is the Magistrate Judge's May 30, 2023, Report and Recommendation, (CV423-0046, Doc. 15; CV423-047, Doc. 13), to which objections have been filed, (CV423-046, Doc. 18; CV423-047, Doc. 16).¹ In addition to directing Plaintiff Jerry

---

¹ The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions

Thomas to show cause concerning misleading citations, (see, e.g., CV423-046, Doc. 15 at 2-14), the Magistrate Judge made three recommendations that are before the Court: (1) that Plaintiff's Motion for Entry of Default should be denied; (2) that Defendant Kenneth D. Pangburn's Motion to Set Aside Default should be granted; and (3) that these two cases should be consolidated, (id. at 21, 23). However, as explained below, Plaintiff's objection concedes facts that fundamentally alter the status of the recommendations concerning Defendant's alleged default. Accordingly, for the following reasons, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the report and recommendation as the Court's opinion in this case. (CV423-046, Doc. 15; CV423-047, Doc. 13.) The Court **DENIES** Plaintiff's motion for entry of default, (CV423-046, Doc. 5), **DISMISSES AS MOOT** Defendant's motion to set aside default, (CV423-046, Doc. 10), and **CONSOLIDATES** cases CV423-046 and CV423-047.

The Magistrate Judge began his analysis of Defendant's alleged default in case number CV423-046 by noting a factual ambiguity. (CV423-046, Doc. 15 at 15-16.) Plaintiff's motion for

---

of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam)) (outlining the standard of review for report and recommendations). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

entry of default nominally seeks a clerk's entry of default, pursuant to Federal Rule of Civil Procedure 55(a). (See CV423-046, Doc. 5 at 1.) However, the body of the motion invokes Federal Rule of Civil Procedure 55(b), which governs entry of a default judgment. (Id.) Plaintiff submitted an affidavit in support of that motion, (CV423-046, Doc. 6), as contemplated by Rule 55(a), which directs the clerk to enter a party's default if that party's failure to plead "is shown by affidavit or otherwise[.]" The Magistrate Judge noted that the affidavit's bare assertion that a summons was served upon Defendant is inconsistent with the record as there is no indication that Plaintiff ever requested, or the Clerk ever issued, a summons. (CV423-046, Doc. 15 at 14-16.) The Magistrate Judge also noted that "[n]one of [Plaintiff's] filings disputing the alleged default contend that a summons was issued . . . ." (Id. at 16.) Given the ambiguity, however, the Magistrate Judge assumed, without deciding, that Defendant was in default. (See id. at 16-17.)

Plaintiff's objection resolves the ambiguity that required the Magistrate Judge to pursue the hypothetical approach to the alleged default. Plaintiff repeatedly concedes that he did not serve a summons upon Defendant with his complaints. (CV423-046, Doc. 18 at 2.) He first concedes that the Magistrate Judge was "correct that Plaintiff[] Thomas has no evidence of summons on record . . . ." (Id. at 2.) Later he contends, "[a]lthough absent

3

a summons in CV 423-046, and CV 423-047, Defendant Pangburn has not shown why default should be set aside for good cause <u>other than lack of summons</u> and failure to properly examine Plaintiff['s] Complaint against him." (<u>Id.</u> (emphasis added).) Since Plaintiff expressly concedes that he did not serve Defendant with a summons, the Magistrate Judge's provisional assumption of effective service is no longer necessary. (<u>See</u> CV423-046, Doc. 15 at 16-17.)

Plaintiff is simply mistaken that, in the absence of a summons, "[Defendant] was effectively served with two separate complaints . . . ." (CV423-046, Doc. 18 at 2.) The Federal Rules of Civil Procedure are absolutely clear that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). As the Eleventh Circuit recently explained, service is ineffective where a plaintiff "neglect[s] to attach a summons to his complaint." <u>Albert v. Discover Bank</u>, No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022) (citing Fed. R. Civ. P. 4(c)(1)). To the extent that Plaintiff contends that delivery of the complaints alone, which without a doubt provided actual notice of the suits, obviated the need for service of a summons, he is also mistaken. <u>See, e.g.</u>, <u>Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service." (citation omitted)). "If . . . the plaintiff has failed to properly serve the defendants with process, the plaintiff is not entitled to the entry of a default despite

4

the defendant's failure to timely respond." Asskia v. Nelson, No. 1:21-cv-2567-MLB, 2021 WL 6063960, at *1 (N.D. Ga. Dec. 22, 2021) (collecting cases); Zaldivar v. D. Ray James Corr. Facility, No. 5:19-cv-112, 2020 WL 8254491, at *3 (S.D. Ga. Dec. 31, 2020), adopted, No. 5:19-cv-112, 2021 WL 217142 (S.D. Ga. Jan. 21, 2021) ("[B]ecause Defendants have not been served, . . . it is impossible that Defendants 'failed to plead or otherwise defend' themselves." (citations omitted)). Plaintiff's motion for entry of default is, therefore, **DENIED**. (CV423-046, Doc. 5.)

Since Plaintiff now concedes, as the record implied, that no summons was served upon Defendant, Defendant was never in default. As a result, to the extent the Magistrate Judge recommended that Defendant's motion to set aside default be granted, the Court **DECLINES TO ADOPT IN PART** the report and recommendation.[2] (CV423-046, Doc. 15 at 21.) Defendant's motion to set aside default is instead **DISMISSED AS MOOT**. (CV423-046, Doc. 10.)

Since Defendant is not, and never was, in default in CV423-046, the Court proceeds to consider whether to consolidate these

---

[2] To be clear, the Court discerns no defect in the Magistrate Judge's analysis that, assuming Defendant was in default, he showed good cause to set it aside. (See CV423-046, Doc. 15 at 17-21.) Plaintiff does not address the Magistrate Judge's analysis of the applicable factors in his objection. (See CV423-046, Doc. 18 at 2.) If Plaintiff did not concede that Defendant was never effectively served, the Court agrees with the Magistrate Judge that any default would be properly set aside. (CV423-046, Doc. 15 at 21.)

5

two cases. Plaintiff's objection, to the extent that it opposes consolidation, rests on his contention that Defendant's default precludes consolidation. (CV423-046, Doc. 18 at 2-3.) That contention carries no weight in the Court's analysis, as it is based on Plaintiff's misunderstanding of the applicable rules. As the Magistrate Judge explained, this Court has discretion to consolidate cases that "involve a common question of law or fact." (CV423-046, Doc. 15 at 21 (citing Fed. R. Civ. P. 42)); see also Leftwich v. Georgia, No. 1:21-CV-5063-MHC, 2022 WL 4009899, at *1 (N.D. Ga. Jan. 26, 2022). Moreover, this Court has recognized that "[d]istrict courts in this circuit have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." Edwards v. Jacobs, Nos. 5:23-cv-15, 5:23-cv-16, 2023 WL 3470923, at *1 (S.D. Ga. Apr. 25, 2023) (quoting Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir. 1995)) (internal alterations omitted). Given the early stage of both cases, the identical legal questions they pose, the lack of any discernable prejudice from consolidation, and the elimination of the burden on the Court and parties by consolidation, the Court **ADOPTS IN PART** the Magistrate Judge's recommendation that the cases be consolidated. (CV423-046, Doc. 15 at 22-23; CV423-047, Doc. 13 at 22-23); see Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

Accordingly, Plaintiff is **DIRECTED** to file a single Amended Complaint in case number CV423-046. The amended complaint will supersede both of his prior complaints and must be complete in itself. Plaintiff's submission of an amended complaint will render the motions to dismiss the separate complaints moot. See, e.g., Auto-Owners Ins. Co. v. Tabby Place Homeowners Assoc., Inc., --- F. Supp. 3d ----, No. 4:21-cv-346, 2022 WL 4542114, at *2 n.4 (S.D. Ga. Sept. 28, 2022). Upon Plaintiff's filing of his amended complaint in CV423-046, the Clerk of Court is **DIRECTED** to dismiss as moot Defendant's pending motions to dismiss, (CV423-046, Doc. 8; CV423-047, Doc. 6). The Clerk of Court is then **DIRECTED** to close CV423-047. Defendant's response to the amended complaint should be filed as required by Federal Rule of Civil Procedure 15(a)(3). Upon Plaintiff's filing of the amended complaint, the stay imposed by the Magistrate Judge, (CV423-046, Doc. 15 at 23-24), is lifted. Plaintiff is advised that his extended deadline to supplement his response to the Magistrate Judge's Order to show cause, (CV423-046, Doc. 17), is unaffected by this order.

SO ORDERED this 6th day of July 2023.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA